## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ANDRES ALEJANDRO NUNEZ, | : | MOTION TO VACATE |
| Fed. Reg. No. 58307-019, | : | 28 U.S.C. §2255 |
| Movant, | : | |
| | : | CRIMINAL NO. |
| v. | : | 1:18-CR-493-TCB-JKL-2 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:23-CV-4924-TCB-JKL |

## FINAL REPORT AND RECOMMENDATION

Movant Andres Alejandro Nunez has filed the instant *pro se* motion to vacate

pursuant to 28 U.S.C. §2255, and seeks to challenge the constitutionality of his

convictions and sentences in the Northern District of Georgia.  (Doc. 101).

## I.    PROCEDURAL HISTORY

On December 18, 2018, a federal grand jury in the Northern District of

Georgia indicted Movant and a co-defendant and charged them with one count of

conspiracy to distribute heroin in violation of 21 U.S.C. §846 (Count One), and three

counts of distribution of heroin in violation of 21 U.S.C. §841(a) (Counts Five, Six,

and Eight).  (Doc. 14).[1]  The Court issued a writ of habeas corpus *prosequendum* for

---

[1]     The indictment charged Movant's co-defendant with five additional counts –
four counts of distribution of methamphetamine (Counts Two, Three, Four, and
Nine), and one count of distribution of methamphetamine and heroin (Count Seven).
(Doc. 14).

Movant, and he arrived in federal custody and was arraigned on January 3, 2019.[2] (Docs. 21, 38). On February 4, 2019, the Government filed an information providing notice to Movant that it would seek a sentencing enhancement under 21 U.S.C. §851 based on Movant's prior felony drug conviction. (Doc. 41).

On May 8, 2019, while represented by Dwight Thomas, Movant entered a negotiated guilty plea to conspiracy to distribute heroin (Count One). (Docs. 53, 53-1). Based on the amount of heroin Movant trafficked, his adjusted offense level under the Sentencing Guidelines was 24; however, because Movant had two prior convictions for controlled substance offenses he was considered a career offender, and his offense level automatically increased to 34. (Doc. 81 ("Sent. Tr.") at 2). After receiving a three-level reduction for acceptance of responsibility and an additional one-level reduction because he expeditiously pled guilty, Movant's

---

[2]     At that time, Movant was being held at the DeKalb County Jail after his arrest on October 15, 2018 for family violence battery, simple assault, and disorderly conduct. *See* DeKalb County Court Docket Search, *available at* https://portal-gadekalb.tylertech.cloud/portal/Home/WorkspaceMode?p=0 (last visited Feb. 9, 2024). After Movant was sentenced in this Court he was returned to state authorities with his federal judgment filed as a detainer. (Doc. 92 at 2). Movant entered a plea to the DeKalb County charges on September 11, 2019, and satisfied his sentence that same day based on his prior custody. (*Id.*). He was then transferred to the Gwinnett County Jail where he entered a plea to battery and cruelty to children on November 14, 2019. (*Id.*); *see also* Gwinnett County Court Docket Search, *available at* https://odyssey.gwinnettcourts.com/Portal/Home/WorkspaceMode?p=0 (last visited Feb. 9, 2024). On November 18, 2019, Movant was released to the federal detainer and began to serve his federal sentence. (Doc. 92 at 2).

offense level went down to 30. (*Id.*). With Movant's criminal history of 6, the guidelines range was 168-210 months of imprisonment. (*Id.* at 2-3). The Government agreed to recommend 180 months in the plea agreement, and Movant requested that he be sentenced to seventy-five months. (*Id.* at 3, 10-11; Doc. 60 at ¶9; Doc. 53-1 ("Plea Agreement") at ¶20).

During sentencing on August 30, 2019, the Government recommended an even lower sentence, *i.e.,* the lowest end of the guideline range of 168 months, and asked that Movant be given credit for the approximately nine months he served in federal custody pursuant to the writ. (Sent. Tr. at 19). The Court sentenced Movant to 168 months with nine months of credit, resulting in 159 months of imprisonment to be followed by six years of supervised release. (*Id.* at 19-20; Doc. 63). Movant did not file a direct appeal with the Eleventh Circuit.

On July 22, 2021, the Federal Bureau of Prisons ("BOP") sent a letter to the District Judge, requesting clarification whether the Court intended for Movant's sentence to run concurrently or consecutively to Movant's two state sentences. (Doc. 90).[3] The Court denied the motion on August 5, 2021 because Movant had already received credit on his federal sentence for the time served in state custody. (Doc. 92).

---

[3]   The Clerk construed the BOP's letter as a motion filed by Movant to reduce his sentence. (Doc. 90).

On July 24, 2023, Movant moved to reduce his sentence under the First Step Act of 2018, Pub. L. No. 114-391, 132 Stat. 5194 (2018) ("FSA").  (Doc. 93).  The Court denied that motion on October 3, 2023.  (Doc. 98).

Movant filed the instant §2255 motion to vacate his sentence on October 20, 2023.  (Doc. 101 at 4).[4]  In it, he raises one claim for relief, that he is not a career offender under the Eleventh Circuit's recent decision in *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc). (*Id.* at 1-3).  In *Dupree*, the Eleventh Circuit overruled previous precedent and held that the definition of a "controlled substance offense" in §4B1.2(b) of the Sentencing Guidelines "does not include inchoate offenses like conspiracy and attempt."  *Id.* at 1280.  Movant argues that based on *Dupree* his career offender designation is incorrect and that he should be re-sentenced.  (*Id.*).  The Government responds that the §2255 motion is untimely, the collateral waiver in the plea agreement precludes Movant from raising this claim,

---

[4]     Movant did not provide a date when he signed the pleadings; however, the envelope containing the pleadings is postmarked October 20, 2023.  (Doc. 101 at 4). Under these circumstances, the postmarked date is the date that I will consider the §2255 motion was filed.  *See, e.g., United States v. Lassiter*, 812 F. App'x 896, 900 (11th Cir. 2020) (per curiam) ("Pursuant to the prison mailbox rule, Appellant's notice of appeal was deemed filed on the date stamped on the envelope containing the notice[.] . . ."); *Haggins v. Jackson*, No. CV409-117, 2010 WL 1956546, at *1 (S.D. Ga. Apr. 15) (using postmarked date as date filed since petitioner did not date the petition when he signed it), *report and recommendation adopted by* 2010 WL 1956545 (May 13, 2010).

4

and Movant's challenge to the application of the career offender guidelines is not cognizable under §2255. (Doc. 105). I agree on all points.

## II.   DISCUSSION

### A.   <u>The Motion to Vacate is Untimely.</u>

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file a 28 U.S.C. §2255 motion to vacate within one year of the latest of four specified events:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

Movant's §2255 claim relies on *Dupree*; he does not allege that the Government created an impediment to filing a §2255 motion, a new right created by

the Supreme Court, or any new facts pertaining to his case.   Accordingly,

§2255(f)(1) is the section applicable to Movant's case.[5]

Having been sentenced on August 30, 2019, Movant had fourteen days to file

an appeal with the Eleventh Circuit.  *See* Fed. App. P. 4(b)(1)(A).  Because Movant

did not file an appeal, his convictions became final on September 13, 2019, and he

had one year, or until September 14, 2020, to file a §2255 motion.[6]  The instant

motion, filed over three years beyond the expiration of the limitations period on

October 20, 2023, is therefore untimely.

## B.   Movant Waived the Right to Challenge his Sentence.

Movant's claim also is precluded by his plea.  Movant's plea agreement

provides that Movant may not collaterally attack his convictions and sentences –

---

[5]     The timeliness of Movant's claim would not be governed by §2255(f)(3), since *Dupree* was decided by the Eleventh Circuit and was not a right the Supreme Court made retroactively available on collateral review.  *See, e.g., United States v. Johnson*, No. CR218-050-7, 2024 WL 248496, at *2 (S.D. Ga. Jan. 24, 2024) (denying defendant's motion for sentence reduction based on *Dupree* as untimely since it was decided by the Eleventh Circuit, not the Supreme Court, three years after defendant was sentenced, and was not made retroactively available on collateral review); *see also In re Boyd*, No. 23-10705, 2023 U.S. App. LEXIS 6824, at *3 (11th Cir. Mar. 21, 2023) (holding *Dupree* not a new rule of constitutional law since it was decided by the Eleventh Circuit and did not constitute a retroactively applicable decision of the Supreme Court).

[6]     Since September 13, 2020, fell on a Sunday, Movant had until the next business day, or until Monday, September 14, 2020, to file a §2255 motion.  *See* Rule 12 of the Rules Governing Section 2255 Proceedings; Fed. R. Civ. P. 6(a)(1)(C).

including through a §2255 motion – except under circumstances not relevant here. (Plea Agreement ¶31).  Movant does not argue that his plea was involuntary, and it is clear from his testimony during the plea colloquy – which carries a presumption of truth, *see Blackridge v. Allison*, 431 U.S. 63, 74 (1977) – that he did, in fact, enter into the plea knowingly and voluntarily.  (*See generally* Doc. 104 ("Plea Tr.")).

"[O]ne of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was giving up that right.'" *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993) (citations omitted). In order to prevail on an argument to enforce a waiver, the Government must show that either "(1) 'the district court questioned the [movant]' about the waiver; or (2) the record makes clear 'that the [movant] otherwise understood the full significance of the waiver.'" *United States v. Wilson*, 445 F. App'x 203, 207 (11th Cir. 2011) (per curiam) (quoting *Bushert*, 997 F.2d at 1351); *United States v. Ramos*, 433 F. App'x 893, 895-96 (11th Cir. 2011) (per curiam).  In this case, the Government has demonstrated both.

Indeed, during the plea hearing Movant swore that: he reviewed the plea agreement carefully, understood all of the terms and conditions contained therein, and voluntarily agreed to them; he understood the nature of the charge against him and the potential maximum sentence therefor; he entered the plea purely of his own free will and volition; the plea did not result from force, threats, or promises not

contained in the agreement; and he understood that the Court does not have to accept the sentence recommendation which will not provide him with a basis for withdrawing the plea. (Plea Tr. at 2-9). The Court also went into depth about the waiver of Movant's appellate and collateral rights and what that meant, and Movant swore that he understood. (*Id.* at 7-8).

Because Movant knowingly and voluntarily entered into the plea agreement containing the collateral waiver, that waiver is valid and enforceable. *See United States v. Arce*, 718 F. App'x 931, 933-34 (11th Cir. 2018) (per curiam); *United States v. Santiesteban*, 587 F. App'x 548, 551 (11th Cir. 2014) (per curiam); *Wilson*, 445 F. App'x at 207; *Ramos*, 433 F. App'x at 895; *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *Bushert*, 997 F.2d at 1350. Consequently, Movant's sentencing claim is precluded thereby. *See, e.g., United States v. Roddy*, No. 19-14787, 2021 WL 5356005, at *8 (11th Cir. Nov. 17, 2021) (per curiam) (finding appellate waiver barred appellant's claim that court erred in sentencing him as career offender); *Boyle v. United States*, 446 F. App'x 216, 218-21 (11th Cir. 2011) (per curiam) (affirming dismissal of §2255 claim as barred by collateral appeal waiver where prisoner challenged career offender designation based on new Eleventh Circuit law holding that predicate claim of carrying a concealed weapon was no longer a crime of violence under §4B1.1 of the Sentencing Guidelines).

**C.**   **Movant's Claim is not Cognizable under §2255.**

8

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc).  And an error of law only provides a basis for collateral attack if the alleged error "'constituted a fundamental defect which inherently results in a complete miscarriage of justice.'" *Ford v. United States*, No. 17-14239-K, 2018 WL 7018045, at *1 (11th Cir. Feb. 21, 2018) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).   An erroneous designation as a career offender, however, is not such a fundamental defect.  *See Terry v. United States*, No. 20-11928-J, 2020 WL 4977478, at *1 (11th Cir. Aug. 19, 2020); *Ford*, 2018 WL 7018045, at *2.  Thus, Movant's claim that the Court erroneously designated him as a career offender is not cognizable under §2255.

## D.   **Movant's Reliance on *Dupree* is Misplaced.**

Finally, even if the Court were to reach the merits of Movant's claim, the Eleventh Circuit's decision in *Dupree* does not provide him with relief.  Pursuant to §4B1.1 of the Sentencing Guidelines, a defendant is a career offender if the current offense of conviction is a felony that is a crime of violence or a controlled substance offense, and if the defendant has at least two prior convictions for either of those crimes.  In 2019, the text of §4B1.2 did not include inchoate offenses – that is, conspiracy, aiding and abetting, and attempt – within the definition of a controlled substance offense; instead, inchoate offenses were contained as part of the definition

only in the commentary thereto. *See* U.S. Sent'g Guidelines Manual §4B1.2(b) cmt. n.1 (U.S. Sent'g Comm'n 2022). And when Movant was sentenced in 2019, Eleventh Circuit precedent provided that even though inchoate defenses were only included as part of the definition of a controlled substance offense in the commentary and not in the text of §4B1.2, those convictions nevertheless constituted "controlled substance offenses" for purposes of the career offender enhancement. *See United States v. Smith*, 54 F.3d 690, 693 (11th Cir. 1995) (finding commentary to §4B1.2 constituted binding interpretation of "controlled substance offense" and affirming career offender designation based on an attempt charge); *United States v. Weir*, 51 F.3d 1031, 1031 (11th Cir. 1995) (finding conspiracy constituted a "controlled substance offense" under the career offender designation).

In *Dupree*, the Eleventh Circuit overruled *Smith* and *Weir* and held that since the text of §4B1.2 did not include inchoate offenses as part of the controlled substance offense definition, it unambiguously excluded them. *Dupree*, 57 F.4th at 1272-73. Unlike in its decisions in *Smith* and *Weir*, the Eleventh Circuit held that it could not consider the commentary to §4B1.2 to conclude otherwise. *Id. Dupree*, however, does not apply to Movant's sentence for several reasons.

First, *Dupree* was not the law when Movant was sentenced; instead, *Smith* and *Weir* dictated that conspiracy under 18 U.S.C. §846 did, in fact, qualify as a controlled substance offense. *See Santiago v. United States*, No. 21-80026-CR-

10

CANNON, 2023 WL 738927, at *3 (S.D. Fla. Nov. 8, 2023) ("*Dupree* was not the law at the time [of sentencing] – *Smith* was – and under *Smith*, [conspiracy to possess and distribute fentanyl] clearly qualified as a 'controlled substance offense.'") (quoting *Smith*, 54 F.3d at 693), *appeal filed*, No. 24-10272, 2023 WL 738297 (11th Cir. Jan. 25, 2024). Regardless, the Eleventh Circuit's decision in *Dupree* would not retroactively apply to Movant.[7] *See Santiago*, 2023 WL 7382927, at *3 n.2 ("*Dupree* is not retroactively available on collateral review."); *see also Johnson*, 2024 WL 248496, at *2.

What's more, the Eleventh Circuit's decision in *Dupree* is no longer viable. Specifically, in April 2023 §4B1.2(d) was amended, and now the definition of a "controlled substance offense" includes "inchoate offenses" in the text rather than the commentary, of §4B1.2(d). *See* U.S. Sent'g Guidelines Manual §4B1.2(d) (effective Nov. 3, 2023) ("The terms 'crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense."); U.S. Sent'g Comm'n, *Amendments to the Sent'g Guidelines* at 98, *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendlyamendments/202305_RF.pdf (Apr. 27,

---

[7]     In fact, this Court has already concluded – albeit in the context of Movant's motion for a sentence reduction under the FSA – that "though *Dupree* might change a sentencing conducted *today*, the Eleventh Circuit has not made that holding retroactive." (Doc. 98 at 3) (emphasis in original).

2023) (citing cases, including *Dupree*, and noting that the amendment resolves "circuit conflict" by moving inchoate offense language from the commentary to the text of the guideline); *see also Santiago*, 2023 WL 7382927, at *3 ("[U]nder the recently promulgated version of the Sentencing Guidelines Manual, 'inchoate offenses' are specifically included in the definition of 'controlled substance offenses.'"). Thus, the reasoning behind the Eleventh Circuit's decision in *Dupree* – *i.e.,* that the text of §4B1.2 unambiguously excludes inchoate offenses from the definition of a controlled substance offense – no longer applies. For all of these reasons, Movant's §2255 motion should be denied.

## III.   CONCLUSION

Based on the foregoing reasons, **IT IS RECOMMENDED** that Andres Alejandro Nunez's motion to vacate his sentence [Doc. 101] be **DENIED WITH PREJUDICE**.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing §2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. §2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional

right."   For the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the §2255 motion. *See id.* "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As a result, reasonable jurists would not find "debatable or wrong" my determination that Movant's claim are untimely, barred by the collateral waiver, not cognizable under §2255, or otherwise fails. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be denied.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**SO ORDERED** this 9th day of February, 2024.

JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE